

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Austin 11, Texas

Honorable R. C. Musslewhite
District Attorney
Lufkin, Texas

Dear Sir:

Opinion No. O-1087
Re: Essential elements of
contract between trus-
tees and teachers.

We are in receipt of your letter of June 30, 1939, which reads, in part, as follows:

"The school board, composed of seven members of a consolidated school district in May of this year, elected a school teach- er and entered the majority vote for the teacher in the minutes. Two weeks later the same board rescinded its action in electing the school teacher and voted to declare the place vacant and release the teacher. No contract was executed between the school teacher and the school board and no contract has been approved by the County School Super- intendent of this county.

"Please advise me at your earliest con- venience if the teacher referred to has an en- forceable contract or if he can compel the school trustees and County School Superinten- dent to recognize and approve his employment under the circumstances for the following school year."

Article 2809, Revised Civil Statutes, 1925, relating to common consolidated school districts, contains the following provision:

". . . Contracts between the trustees and the district superintendent and teachers shall be in writing and subject to the approv- al of the county superintendent of the county wherein such district is situated."

It is essential to the consummation of any contract, either oral or written, that there be an offer and an acceptance. There must be mutual assent of the parties with respect to the subject matter of the agreement and its essential terms. 10 Tex. Jur., p. 12, et seq.

56 C.J., p. 388, Section 315 (3) contains the following statement:

"The mere vote of a school board in favor of employing a certain person as teacher does not constitute a contract of employment of such person, but amounts only to an offer of employment which the board may revoke or cancel at any time before acceptance."

In quoting the foregoing we are not to be understood as holding that under certain circumstances such action of the board might or might not constitute an acceptance of an offer.

It is our opinion that a mere election of a teacher at a school board meeting, and entry of the election in the minutes, is not enough, standing alone, to constitute a contract, whether written or oral, since this, within itself, is lacking in the essential elements of a contract. Under the facts stated, no contract of employment was ever entered into between the school board and the teacher, and, therefore, there is no contract to be approved by the county superintendent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

s/ Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:FG:egw

APPROVED JUL 8, 1939

s/ W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By RWF Chairman